UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01582-CAS(SPx) | Date | October 11, 2017 |
| Title | DION ROSADO II v. CRAFTON HILLS MOBILE ESTATES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) – DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM (Dkt. 7, filed September 5, 2017)

## I. INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of October 16, 2017 is vacated, and the matter is hereby taken under submission.

On August 7, 2017, plaintiff Dion Rosado II filed the instant action against defendants Crafton Hills Mobile Estates, DeJager Family Trust, and Does 1–20. Dkt. 1 ("Complaint"). Plaintiff alleges that Crafton Hills Mobile Estates and DeJager Family Trust wrongfully issued a 60-day notice to plaintiff ordering him to vacate a mobile home park. Plaintiff asserts the following claims: (1) violation of 41 U.S.C. § 6503; (2) negligence; (3) conversion; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress. On August 8, 2017, Magistrate Judge Kenly Kiya Kato granted plaintiff's request to proceed in forma pauperis. Dkt. 5.

On September 5, 2017, DeJager Family Trust ("defendant") filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim.[1] Dkt. 7 ("Motion"). Plaintiff has not filed an opposition to defendant's motion to dismiss.

Having carefully considered defendant's arguments, the Court rules as follows.

---

[1] In its motion, Dejeger Family Trust identifies itself as DeJager Family Trust d.b.a. Crafton Hills Mobile Estates, and notes that it was erroneously sued as Crafton Hills Mobile Estates. Motion at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01582-CAS(SPx) | Date | October 11, 2017 |
| Title | DION ROSADO II v. CRAFTON HILLS MOBILE ESTATES ET AL. | | |

## II.   BACKGROUND

Plaintiff alleges the following facts.

Plaintiff is a California resident who owns the mobile home located at 31816 Ave. E, Space 138, Yucaipa, California ("Property"). Compl. ¶¶ 1, 17. Plaintiff alleges that Crafton Hills Mobile Estates is the management company employed by DeJager Family Trust, and DeJager Family Trust is the owner of the real property on which plaintiff's home is located.[2] Id. ¶¶ 2–3.

Plaintiff alleges that the Court has jurisdiction over the instant action because defendant violated 41 U.S.C. § 6503. Id. ¶ 8. Plaintiff purchased the Property in 2007 and financed the purchase through a loan guaranteed by the Department of Veterans Administration ("V.A."). Id. ¶ 10. Plaintiff alleges that the Court has jurisdiction over the instant action because the V.A. is a federal agency. Id.

Plaintiff purchased the Property in 2007, and as part of the purchase agreement, plaintiff agreed to pay defendant a monthly rent for the real property occupied by the mobile home ("Real Property"). Id. ¶¶ 22–23. In return, defendant promised plaintiff that plaintiff could indefinitely occupy the Real Property as long as plaintiff paid the monthly rent for approximately ten years without incident. Id. ¶ 24.

On or about June 9, 2017, defendant issued a sixty-day notice of termination of tenancy ("Notice"). Id. ¶ 11. Defendant alleges in the Notice that plaintiff disturbed other residents of the mobile home park and thus violated the Codes of Covenants and Restrictions ("CC&Rs"). Id. ¶ 11. The Notice alleges that plaintiff has been involved in several altercations with other residents that resulted in calls to law enforcement. Id. ¶ 12. Plaintiff acknowledges that verbal altercations have occurred, but that plaintiff has been harassed and has called law enforcement to settle the disputes. Id. The Notice requests plaintiff to vacate as a result of making written complaints against other residents. Id. ¶ 13. Plaintiff alleges that it is his right under the CC&Rs to make these

---

[2]   Because DeJager Family Trust asserts in its motion that it does business as "Crafton Hills Mobile Estates" and that Crafton Hills Mobile Estates was erroneously sued, for purposes of this Order the Court will refer to DeJager Family Trust as the sole defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01582-CAS(SPx) | Date | October 11, 2017 |
| Title | DION ROSADO II v. CRAFTON HILLS MOBILE ESTATES ET AL. | | |

complaints. Id. Plaintiff alleges that defendant is not entitled to required plaintiff to vacate the mobile home park, and that plaintiff was never in violation of the CC&Rs. Id. ¶ 16. Further, plaintiff alleges he has fulfilled his obligations as required by the aforementioned agreement because plaintiff has paid rent for use of the Real Property, and there is no legitimate cause for the Notice. Id. ¶ 26. Accordingly, plaintiff alleges that defendant has breached its duties under the agreement by issuing plaintiff the Notice to vacate.

Plaintiff alleges that the Property will not be cost effective to move or sell within the sixty-day timeframe provided by the Notice. Id. ¶ 17. Plaintiff alleges that "[t]he common result of a notice in this circumstance, is that a mobile home park would hold an auction and would become the *de facto* owner of the subject property." Id. Additionally, plaintiff alleges that if the Notice is allowed to be executed, it will result in a foreclosure of the mortgage on the Property and plaintiff will be unable to obtain future loans guaranteed by the V.A. Id. 18.

## III.   LEGAL STANDARDS

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'    JS-6

| Case No. | 5:17-cv-01582-CAS(SPx) | Date | October 11, 2017 |
|---|---|---|---|
| Title | DION ROSADO II v. CRAFTON HILLS MOBILE ESTATES ET AL. | | |

$75,000. See id. When deciding a Rule 12(b)(1) motion, the court construes all factual disputes in favor of the non-moving party. See Dreier v. United States, 106 F.3d 844. 847 (9th Cir. 1996).

## IV. DISCUSSION

Defendant argues that plaintiff's complaint should be dismissed due to a lack of subject matter jurisdiction and for failure to state a claim.[3] First, defendant argues there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331, because plaintiff fails to allege a colorable claim "arising under" the Constitution or laws of the United States. Motion at 3 (citing Bell v. Hood, 327 U.S. 678, 681–85 (1946)). Plaintiff's first claim is for breach of contract under 41 U.S.C. § 6503, which states that "[t]his section applies in case of breach or violation of a representation or stipulation included in a contract under section 6502 of this title." Id. at 3. In turn, section 6502 provides the requirements for "[a] contract made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000…." Id. Defendant contends that plaintiff's complaint does not allege facts that allow plaintiff to invoke a claim under section 6503. Id. Second, defendant argues that there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332, because plaintiff and defendant are both citizens of California.

As an initial matter, the Court notes that plaintiff has failed to file an opposition. Pursuant to Local Rule 7-12, failure to file any required document—such as an opposition—may be deemed consent to the granting or denial of the motion. Nonetheless, a motion to dismiss is better resolved on the merits. Accordingly, the Court will consider defendant's motion.

The Court concludes that plaintiff fails to allege facts that demonstrate the Court has subject matter jurisdiction over the instant action. With respect to federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff's allegations are not sufficient to demonstrate breach of contract under 41 U.S.C. § 6503. Section 6503 applies to contracts made by a government agency for the manufacturing or furnishing of materials, supplies, articles, or equipment in amounts exceeding $10,000. Plaintiff's complaint

---

[3] The Court finds that plaintiff fails to allege sufficient facts to demonstrate that this Court has subject matter jurisdiction over the instant action. Accordingly, the Court does not reach the issue of whether plaintiff fails to state a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01582-CAS(SPx) | Date | October 11, 2017 |
| Title | DION ROSADO II v. CRAFTON HILLS MOBILE ESTATES ET AL. | | |

alleges that defendant breached a landlord-tenant agreement by sending Notice to plaintiff to vacate the Real Property on which his mobile home is situated. Though plaintiff contends that his V.A. loan with respect to the Property allows plaintiff to state a claim pursuant to section 6503, the Court concludes that this assertion is incorrect. Plaintiff does not allege a contract by a government agency for the manufacturing of materials in an amount exceeding $10,000. Accordingly, plaintiff fails to allege a claim arising under federal law.

With respect to diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff's complaint alleges that plaintiff is a resident of California, and that defendant was doing business in California.[4] FAC ¶¶ 1–3. In order to establish diversity jurisdiction, the amount in controversy must exceed $75,000 and the controversy must be between citizens of different states. 28 U.S.C. § 1332(a). Complete diversity is required, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). For purposes of diversity, a natural person's domicile, which determines his state citizenship for purposes of diversity jurisdiction, is his "permanent home, where [he] resides with the intention to remain or to which [he] intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that he is domiciled in California, and accordingly, his state citizenship for purposes of diversity jurisdiction is California.

With respect to the citizenship of defendant, the citizenship of a trust depends on the type of trust it is. Americold Realty Trust v. Conagra Foods, Inc., 136 S.Ct. 1012, 1016 (2016).

> Traditionally, a trust was not considered a distinct legal entity, but a "fiduciary relationship" between multiple people. Such a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name. And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. ... Many States, however, have applied the "trust" label to a variety of unincorporated entities that have little in

---

[4] Plaintiff does not allege that diversity jurisdiction exists in the instant action. However, defendant raises the argument in its motion to dismiss by contending there is no basis for diversity jurisdiction. Accordingly, the Court's analysis considers whether plaintiff's allegations are sufficient to support diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-01582-CAS(SPx) | Date | October 11, 2017 |
| Title | DION ROSADO II v. CRAFTON HILLS MOBILE ESTATES ET AL. | | |

common with this traditional template.... So long as such an entity is unincorporated, we apply our "oft-repeated rule" that it possesses the citizenship of all its members.

Id. (citations omitted). In California, a trust is a fiduciary relationship with respect to property; an ordinary express trust is not an entity separate from its trustees. Moeller v. Superior Court, 16 Cal. 4th 1124, 1132 n.3 (1997); Ziegler v. Nickel, 64 Cal. App. 4th 545, 548 (1998); Portico Mgmt. Grp., LLC v. Harrison, 202 Cal. App. 4th 464, 473 (2011). A family trust is a fiduciary relationship, as opposed to a distinct legal entity. Presta v. Tepper, 179 Cal. App. 4th 909, 915 (2009). Therefore, because California law does not recognize trusts as distinct legal entities, the instant action incorrectly names DeJager Family Trust as defendant. Accordingly, the Court is unable to determine the citizenship of defendant, as plaintiff fails to name the proper defendant trustees in the instant action. Moreover, plaintiff does not allege that the amount in controversy exceeds $75,000.

Therefore, the Court **GRANTS** defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |